J-S07042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN COREY MORRISON | : | |
| | : | |
| Appellant | : | No. 1098 MDA 2023 |

Appeal from the PCRA Order Entered June 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004605-2017

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:             **FILED: SEPTEMBER 16, 2024**

Appellant, Steven Morrison, appeals from the Order of the Court of Common Pleas of Berks County denying his petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq*. ("PCRA") collaterally attacking his convictions of four counts of promoting prostitution and one count of possessing a controlled substance.[1] Appellant argues that the PCRA court erred by denying, after an evidentiary hearing, relief on his allegation of trial counsel's ineffective assistance for not objecting to pretrial amendments to the charging document. We affirm the PCRA court.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5902(b)(3), 5902(b)(6), 5902(b)(7), and 5902(b)(8) and 35 P.S. § 780-113(a)(16), respectively.

In Appellant's direct appeal, this Court quoted the factual summary from the trial court opinion:

> On Friday, July 7, 2017, an operation involving detectives from the police departments of Wyomissing Borough, City of Reading, and Spring Township, and agents from the United States Department of Homeland Security was conducted at a hotel in the Borough of Wyomissing related to suspected prostitution and sex trafficking. Two law enforcement officers initiated the investigation and began contacting women advertising for sex *via* [a now defunct website entitled] Backpage.
>
> [M.R.] testified that she met [Appellant] in June 2017 on the street in Reading. [M.R.] was homeless at the time and [Appellant] offered her a place to stay and a chance to make money as a sex worker. As part of her work in prostitution she used a Backpage online profile created at the direction of and with assistance from [Appellant] and a cell phone provided by [Appellant]. In exchange she lived in an apartment offered to her by [Appellant] and gave [Appellant] the money that she made. [Appellant] also provided [M.R.] with food and drugs, often in lieu of cash money.
>
> [M.R.] further testified that on July 7, 2017, she agreed to meet a man (an undercover detective) for sex at the Inn at Reading using the cellphone [Appellant] had provided. [Appellant] was with her inside her room at the time. [Appellant] arranged for a third person to drive [M.R.] to the Inn at Reading, and [Appellant] rode along to the hotel. When they arrived [M.R.] was dropped off at the entrance of the hotel because it was raining. She called the phone number for the man she was meeting and was given a room number. Two Wyomissing police officers followed the vehicle as it left the hotel. [M.R.] entered the room with the man and they agreed on a price for sex. At the [sic] point [M.R.] was detained by law enforcement and stated that she was acting under the direction of one of the men in the car ([Appellant]). Based on this information [Appellant's] vehicle was stopped, and [Appellant] was arrested.

***Commonwealth v. Morrison***, 1374 MDA 2019, 2020 WL 7658346, *1 (Pa. Super., filed Dec. 23, 2020) (quoting Trial Court Opinion, 12/2/19, at 1-2 (footnote omitted)), ***appeal denied***, 259 A.3d 881 (Pa., July 27, 2021).

In addition, this Court summarized the pre-trial proceedings as follows:

On October 24, 2017, the Commonwealth charged Appellant with three counts of prostitution and one count of possessing a controlled substance. Information, 10/24/17. On February 5, 2019, the Commonwealth filed an amended information which added, *inter alia*, a fourth count of prostitution, and specified that Appellant's crimes occurred between June 27, 2017, and July 7, 2017. Amended Information, 2/5/19. Accordingly, Appellant was charged as follows: count one, encouraging, inducing, or otherwise intentionally causing another to become or remain a prostitute, 18 Pa.C.S. § 5902(b)(3); count two, transporting a person into or within this Commonwealth with the intent to promote the engaging in prostitution by that person, or procuring or paying for transportation with that intent, 18 Pa.C.S. § 5902(b)(6); count three, leasing or otherwise permitting a place controlled by the actor, alone or in association with others, to be regularly used for prostitution or the promotion of prostitution, 18 Pa.C.S. § 5902(b)(7); count four, possessing a controlled substance, 35 P.S. § 780-113(a)(16); and count five, soliciting, receiving, or agreeing to receive any benefit from prostitution, 18 Pa.C.S. § 5902(b)(8).

*Id*.

Appellant filed a suppression motion with respect to the synthetic marijuana found on him at the time of his arrest, which was denied on July 11, 2018. Appellant was then tried by a jury before the Honorable Patrick B. Barrett commencing on February 4, 2019. The jury found Appellant guilty on all counts. On March 21, 2019, the court imposed an aggregate sentence of 48 to 96 months' incarceration, followed by 24 months' probation.[2]

---

[2] Specifically, the court imposed consecutive terms of 18 to 36 months' incarceration for promoting prostitution by intentionally causing another to engage in prostitution (Count 1) and promoting prostitution by transporting a person to engage in prostitution (Count 2). The Court also imposed concurrent terms of 12 to 24 months' incarceration for promoting prostitution by

*(Footnote Continued Next Page)*

Represented by new counsel, Appellant filed post-sentence motions in which he argued, *inter alia*, that separate sentences on his convictions of four counts of promoting prostitution was improper. **See** N.T. Post-Sentence, 4-12.[3] The trial court denied relief. In his direct appeal, Appellant argued that the suppression court erred by denying his motion and the sentencing court erred by imposing multiple terms on his four promoting prostitution convictions. This Court affirmed on December 23, 2020. Our Supreme Court denied Appellant's petition for an allowance of appeal on July 27, 2021.[4]

_____

controlling a place regularly used for prostitution (Count 3) and promoting prostitution by soliciting or receiving a benefit from prostitution (Count 5), which concurrent terms were to be served consecutively to Count 2. The court also imposed a term of 2 years' probation for possessing synthetic marijuana to be served consecutively to Count 3.

[3] Appellant conceded before the trial court that his convictions did not merge for sentencing purposes. N.T. 5/8/19, 7. Although he did not name the claim, it appears to have been one alleging sentence multiplicity. "Multiplicity" is the charging of the same offense in two or more counts of an indictment or information. The rule prohibiting multiplicity derives in part from the prohibition on double jeopardy, because a multiplicitous indictment "may lead to multiple sentences for a single violation." **United States v. Carter**, 576 F.2d 1061, 1064 (3rd Cir. 1978). **See North Carolina v. Pearce**, 395 U.S. 711, 717 (1969); **Ex Parte Lange**, 85 U.S 163, 168-173 (1873).

[4] This Court ruled that the cases on which Appellant relied for his double jeopardy derived complaint were no longer apposite after the adoption of 42 Pa.C.S. § 9765 (merger of sentences). Further, we held that "Appellant's four convictions for prostitution under Section 5902(b)(3), (6), (7), and (8) did not arise from a single criminal act, and the statutory elements of each offense are not included in the statutory elements of the other offenses. Accordingly," the prostitution convictions did not merge, and trial court could impose separate sentences on each. **Morrison**, 2020 WL 7658346 at *8. **See also Commonwealth v. Talley**, 236 A.3d 42, 54 (Pa. Super. 2020).

- 4 -

Still represented by post-sentence counsel, Appellant filed a counseled PCRA petition on March 18, 2022. Appellant alleged trial counsel's ineffective assistance for not objecting to the pre-trial amendment of the information to add a charge and to specify a span of days, for not objecting to a lack of a preliminary hearing for the additional charge, for not having Appellant colloquied with respect to the amendment, for not requesting a special instruction to explicitly require the jury to find different criminal acts for each charge and for not objecting to the jury verdict sheet. PCRA Petition, ¶¶ 17-23.

The PCRA court held a hearing on September 1, 2022, at which Appellant and trial counsel testified. Appellant testified that trial counsel did not tell him about the Commonwealth's intent to amend the charges or seek his approval for not objecting to the amendment. N.T. PCRA, 5-6. Nor did counsel advise him with respect to requesting a special jury instruction or jury verdict sheet. *Id*., 8. Trial counsel testified both to his usual practice and to what he could recall about Appellant's trial. He believed there was no basis to object to the Commonwealth's pretrial amendment as it was supported in the discovery. *Id*., 14-21. The pre-trial amendment did not change his planned line of defense which was to attack the credibility of M.R. and portray her as a conspirator trying to put the blame on Appellant rather than a victim. *Id*., 22. It would have been unlikely for him to have discussed the possibility of amendment to the charges with Appellant beforehand, but also unlikely that he would not have explained it to Appellant in court when the amendment was

granted. *Id*., 24. The PCRA court permitted the parties to file post-hearing briefs.

On June 30, 2023, the PCRA court entered an order and opinion denying relief. The PCRA court ruled that there was no arguable merit to an objection to the Commonwealth's pre-trial amendment to the charges:

> The Commonwealth immediately before trial asked to amend the information to add another count of prostitution [under 18 Pa.C.S. § 5902(b)(8)] … and amend the dates to a range between June 27, 2017 and July 7, 2017. Trial counsel … did not object to these amendments and said he was aware of them several weeks before trial and called them "inevitable." At the PCRA hearing, [he] additionally testified that the proposed amendments did not change his trial defense strategy.

PCRA Court Opinion, 6. The PCRA court noted that there was a preliminary hearing and that M.R.'s testimony at it included all the factual allegations required for the additional charge and the additional ten days and thereby provided sufficient notice. *Id*., 6-7. The PCRA court also ruled that its instructions were sufficient to inform the jury that each count of promoting prostitution was a separate and distinct charge because, following the subcommittee notes for the Standard Jury Instructions, it "took each count and inserted the language under each subsection into the new instruction" and explaining separately the elements for each count. *Id*., 7-9. Moreover, the jury was permitted to keep the "crime specific jury instructions" with them while they deliberated. *Id*., 9. Finally, it ruled there was no arguable merit to an objection to the jury verdict sheet, because "each instruction given matched the charges written on the verdict slip. The Jury was apprised of this

during the final charge and were additionally given the written instructions." *Id*., 10. The PCRA court also ruled that counsel had a reasonable basis to forgo the meritless objections and Appellant suffered no actual prejudice. *Id*. 10-11.

Appellant filed a timely Notice of Appeal.[5] On August 7, 2023, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b), which he did. In his brief, Appellant raises the following question for our review:

> Whether trial counsel provided ineffective assistance of counsel; specifically, as to amendments to the bills of information, jury charge, and verdict form?

Appellant's Brief, 5. Appellant specifies that he contends trial counsel:

> … was ineffective for failing to 1.) Request that the trial court's jury charge for multiple prostitution counts reflect that each charge/count related to a separate and distinct criminal act; and 2.) Request that the jury's verdict form reflect that each charge/count of prostitution constituted a separate and distinct act.

*Id*., 12

We review an order denying a PCRA petition to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018); ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). Our "scope

---

[5] The PCRA court's order was stamped as filed with the Clerk of Courts on June 30, 2023, but service to PCRA counsel was noted on the docket as occurring on July 6, 2023. ***See*** Docket CP-06-CR-0004506-2017. Thus, Appellant's Notice of Appeal filed on August 1, 2023, was timely. Pa.R.A.P. 903(1).

of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007). Moreover, "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To be entitled to relief on a claim of ineffective assistance of counsel, a defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015); ***Commonwealth v. Grayson***, 212 A.3d 1047, 1054 (Pa. Super. 2019); ***Commonwealth v. Steckley***, 128 A.3d 826, 831 (Pa. Super. 2015). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. ***Mason***, 130 A.3d at 618; ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018); ***Steckley***, 128 A.3d at 831.

We find it unnecessary to decide whether the PCRA court erred in ruling there was no arguable merit to Appellant's underlying claims. "If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone[.]" ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998); ***Commonwealth v. Luster***, 71 A.3d 1029, 1039–40 (Pa. Super. 2013) (*en banc*). ***See Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009)

("failure to satisfy any prong of the ineffectiveness test requires rejection of the claim").

To demonstrate prejudice, Appellant had to show there was "a reasonable probability that, but for counsel's act or omission, the outcome of the proceeding would have been different." ***Commonwealth v. Dowling***, 316 A.3d 32, 45 (Pa. 2024). ***Accord Strickland v. Washington***, 466 U.S. 668, 694 (1984); ***Commonwealth v. Pierce***, 527 A.2d 973, 976 (Pa. 1987). With respect to an ineffectiveness claim arising from trial, as here, a defendant must demonstrate actual prejudice at trial. That is, Appellant must demonstrate that but for counsel's unprofessional error the verdict would have been different. ***See Reaves***, 923 A.2d at 1130 (an allegation for failing to object at a resentencing must demonstrate that the result of the resentencing would have been more favorable but for counsel's omission, and not that an appellate court could review the claim if there had been an objection).

A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Commonwealth v. Stewart***, 84 A3d 701, 707 (Pa. Super. 2013). In other words, defendant had to demonstrate that but for counsel's decision to not request a charge to the jury to specify that each count of promoting prostitution must relate to a separate and distinct criminal act or to alter the jury's verdict form to reflect that each count constituted a separate and distinct act, the result of the trial would have been different in that the jury's verdict would have not found him guilty on all counts. Appellant

did not even attempt to make this showing. He argues only that his sentence may have been affected.

Before the PCRA court, Appellant argued that the failure to object to the amendment, seek a preliminary hearing, proffer a special jury instruction and object to the jury verdict form "exposed [Appellant] to additional charges and a greater maximum penalty." PCRA Petition, ¶ 24. In his post-hearing brief, Appellant argued that counsel's omissions make it "impossible to know whether the jury, in fact, convicted [Appellant] of 'separate criminal acts, which occurred over the course of several days and at several locations …' Without such a jury determination, which resulted in an increase in the maximum penalty," the sentences imposed on the promoting prostitution counts were illegal. Appellant' Post PCRA Hearing Brief, filed 3/15/23, ¶ 10.[6]

In response, the PCRA court ruled that Appellant "cited no case law to support the claim that the Commonwealth charging different subsections

_____

[6] Appellant did not provide a citation for the quotation in his post-hearing brief, which is repeated in his appellate brief, Appellant's Brief, 16, again without citation, but it likely refers to this Court's holding in the direct appeal that pursuant to controlling law, the four subsections of promoting prostitution of which Appellant was charged "are distinct categories of criminal conduct, and we hold that Appellant's separate criminal acts, which occurred over the course of several days and at several locations, do not merge." **Morrision**, 2020 WL 7658346, *7. Thus, contrary to Appellant's claim, this Court already has held that his convictions constitute separate criminal acts, which occurred over the course of several days and at several locations. We are bound by that holding. **See Commonwealth v. Brockington-Winchester**, 205 A.3d 1279, 1283 (Pa. Super. 2019) ("when an issue of law, evidentiary fact, or ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit").

under 18 Pa.C.S. § 5902 requires separate and distinct acts. [He] has also not shown that … outcome of the trial would have been different[.]" PCRA Court Opinion, 11. Notably, "[a]lthough the jury did have a question regarding count one during deliberation, there was no indication or questions from the jury that showed they were confused or did not understand the charges or the law[.]" *Id*. Further, "the evidence here was overwhelming at trial[.]" *Id*.

In his appellate brief, Appellant does not contend the PCRA court erred, but simply repeats the same argument he made before that court. Specifically, he argues that without a jury determination on separate criminal acts – which this Court had previously ruled was not necessary – his "judgment of sentence on counts one, two, three and five was illegal. *E.g.*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (increase in maximum penalty); *Alleyne v. United States*, 570 U.S. 99 (2013) (mandatory minimum sentence)." Appellant's Brief, 17.

Appellant was not subject to a mandatory minimum sentence and therefore his citation to *Alleyne* is irrelevant. *Commonwealth v. Russell*, 209 A.3d 419, 424 (Pa. Super. 2019) (where court "does not sentence in accordance with a mandatory minimum sentencing scheme, an appellant is not entitled to relief under *Alleyne*").

Appellant's reliance on *Apprendi* is unexplained, but after careful review we determine it too is meritless. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved

- 11 -

beyond reasonable doubt[.]" **Apprendi**, 530 U.S. at 490. Thus, any fact that would increase the grading of a crime, and thereby the applicable statutory maximum, must be found by a jury. **See Commonwealth v. Seladones**, 305 A.3d 83, 89 (Pa. Super. 2023) (holding that because the fact of value was not submitted to the jury, the "unlawful taking must be graded at its lowest level" since gradation was determined by the value of items taken); **Commonwealth v. Kearns**, 907 A.2d 649, 655 (Pa. Super. 2006) (holding that "factual determinations" that raise an offense from a misdemeanor to a felony "constitute elements of the offense … and must be either admitted by the defendant or found by a jury beyond reasonable doubt").

Appellant was convicted of four counts of promoting prostitution under different subsections, all graded as felonies of the third degree. Promoting prostitution by encouraging, inducing or otherwise encouraging another to become a prostitute under 18 Pa.C.S. § 5902(b)(3) is graded as a felony of the third degree. **Id**. at § 5902(c)(1)(i). The other three counts of which Appellant was convicted could be graded as a misdemeanor of the second degree, **id**. at §5902(c)(2), or, under the facts presented, if Appellant compelled "another to engage in prostitution …," **id**. at § 5902(c)(ii).

Under **Apprendi**, therefore, the jury had to determine that Appellant compelled another to engage in prostitution. The trial court so informed the jury. N.T. Trial, 226-228. It explicitly instructed that an element of counts 2, 3 and 4 of promoting prostitution, which the jury must find "beyond a reasonable doubt" in order to find Appellant guilty, was that Appellant

- 12 -

"compelled another to engage in or promote prostitution." *See* N.T. Trial, 227: 4-5 (Count 2 subsection (b)(6), promoting prostitution by transportation); 227: 20-21 (Count 3 subsection (b)(7), promoting prostitution by controlling a place regularly used for prostitution); 228: 10-11 (Count 4 subsection (b)(8), promoting prostitution by soliciting, receiving, or agreeing to receive any benefit from prostitution). Because the jury was instructed that it must find as an element of each offense that "the Defendant compelled another to engage in or promote prostitution," his subsequent convictions of felonies of the third degree satisfied the requirement of **Apprendi** that "[o]nly a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" **Erlinger v. United States**, 144 S. Ct. 1840, 1850 (U.S. 2024) (quoting **Apprendi**, 530 U.S. at 490).

Appellant's vague argument on prejudice leaves open the possibility that it was the mere addition of a charge under subsection (b)(8), soliciting or receiving a benefit from prostitution, that made his sentence "illegal." The Commonwealth understood Appellant's argument to assert that the prejudice alleged was the imposition of consecutive terms. Appellee's Brief, 19. If so, that claim too would fail. **Apprendi** does not limit judicial decision to run sentence terms consecutively or concurrently. **See Oregon v. Ice**, 555 U.S. 160, 170 (2009). Nor did the court impose a consecutive term of incarceration for Appellant's conviction under subsection (b)(8). Rather, the sentence imposed was ordered to run concurrently with a co-equal term for promoting prostitution by controlling a place regularly used for prostitution under

subsection (b)(7). Therefore, Appellant did not suffer actual prejudice as may have been alleged.

In sum, the PCRA court found no arguable merit to any of the underlying claims of ineffective assistance by trial counsel, a reasonable basis for not raising any of the objections with respect to the pre-trial amendment of the charges, and no prejudice shown. We affirm the PCRA court on the ground that Appellant failed to demonstrate actual prejudice for the allegations of ineffective assistance.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/16/2024