J-S42027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON S. ROUPP | : | |
| | : | |
| Appellant | : | No. 698 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 30, 2024
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000008-2024

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                                 **FEBRUARY 11, 2025**

Brandon S. Roupp ("Roupp") appeals from the judgment of sentence imposed following his guilty plea to driving under the influence ("DUI").[1]  On appeal, Roupp argues that the trial court erred in determining that his DUI conviction should be treated as his second offense when he completed Accelerated Rehabilitative Disposition ("ARD") for his first DUI offense.  We affirm.

Roupp was involved in a single vehicle accident where he went across one side of a road, hit a guiderail, and ended up in a ditch.  Roupp was found to have a blood alcohol content of .204%.  Police arrested Roupp and the Commonwealth charged him with DUI and summary offenses.  Subsequently,

---

[1] 75 Pa.C.S. § 3802(d)(3).

on April 30, 2024, Roupp agreed to an amendment to the criminal information, which would reflect that this was his second DUI offense in the last ten years and pleaded guilty to this offense. The trial court accepted the plea. The case immediately proceeded to sentencing, at which Roupp requested that the trial court not consider his prior ARD-DUI offense as a first offense for sentencing purposes. Ultimately, the trial court rejected Roupp's request and sentenced him to sixty months of probation with restrictive conditions plus costs and fines.

Roupp filed a timely notice of appeal. Roupp presents the following questions for our review:

> I.  In light of **Alleyne v. United States**, [5]70 U.S. 99 (2013) was it not unconstitutional for the [t]rial [c]ourt to consider [Roupp's] past acceptance of ARD as a prior offense for sentencing purposes since ARD does not provide a citizen with the procedural protections afforded by **Alleyne**, i.e., a prior offense can only be determined by proof beyond a reasonable doubt?
>
> II. Is it not fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof of guilt beyond a reasonable doubt?

Roupp's Brief at 6.

We begin our analysis by acknowledging that "a claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." **Commonwealth v. Seladones**, 305 A.3d 83, 85 (Pa. Super. 2023) (citation omitted). For issues challenging the legality of a sentence,

"our standard of review is de novo and our scope of review is plenary." *Id.* (citation omitted).

In both arguments,[2] Roupp challenges the trial court's consideration of his prior ARD acceptance as a first conviction. Roupp's Brief at 10-26. Roupp argues that *Commonwealth v. Chichkin*, which held that prior acceptance of ARD for purposes of imposing a sentence for a subsequent DUI offense was unconstitutional, should be controlling in this case. Roupp's Brief at 12, 13 (citing *Commonwealth v. Chichkin*, 232 A.3d 959, 971 (Pa. Super. 2020), *overruled by Commonwealth v. Richards*, 284 A.3d 214, 220 (Pa. Super. 2022) (en banc), *appeal granted*, 294 A.3d 300 (Pa. 2023), and *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022) (en banc)).[3]

---

[2] The trial court found that Roupp waived his legality of sentence claim by agreeing to amend the criminal information and pleading guilty to a DUI-second offense. *See* Trial Court Opinion, 6/12/2024, at 2. Roupp argues that he specifically stated on the record that he would be challenging the consideration of his prior ARD-DUI offense as a first conviction on appeal, recognizing that the issue is currently before the Pennsylvania Supreme Court. Roupp's Brief at 9. The record supports his claim that he reserved this issue despite the amendment of the criminal information. *See* N.T., 4/30/2024, at 8. He additionally argues that he did not waive this claim because legality of sentencing claims cannot be waived. Roupp's Brief at 9-10; *see also Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008) (noting that a claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence, and such an issue is not waived on appeal by entering a guilty plea). We conclude that Roupp did not waive his legality of sentence claim.

[3] In *Richards*, this Court expressly overruled *Chichkin*, concluding that ARD is statutorily construed as a conviction for computing sentences on subsequent convictions. *See Richards*, 284 A.3d at 220.

In further support, Roupp cites to **Commonwealth v. Verbeck**, 290 A.3d 260, 277 (Pa. 2023) (Opinion in Support of Affirmance) (finding that "the language in [s]ection 3806 of the Vehicle Code, 75 Pa.C.S. § 3806,[4] which includes acceptance of ARD as a prior offense and directs the trial court at sentencing to determine the number of ARD acceptances, if any, for purposes of enhancing the defendant's sentence, is unconstitutional"). Roupp's Brief at 13-18.[5]

In Roupp's view, ARD cannot be considered a prior conviction as doing so violates his procedural and substantive due process rights. **Id.** at 18-26. Therefore, while conceding **Richards** and **Moroz** overruled **Chichkin**, Roupp contends that our decision in **Chichkin** and that the plurality of our High Court in **Verbeck** correctly found that section 3806 violates due process, and that

---

[4] Section 3806 defines "prior offenses," in pertinent part, as:

[A]ny conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) An offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S. § 3806(a)(1).

[5] The **Richards** Court, however, determined that 75 Pa.C.S. § 3806 is constitutional. **See Richards**, 284 A.3d at 220; **see also Moroz**, 284 A.3d at 233 ("[s]ection 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a [s]ection 3804 mandatory minimum sentence, passes constitutional muster").

his sentence must be vacated and the case remanded so that he can be sentenced as a first-time offender. *Id.* at 12-13, 18-19.

As Roupp correctly observes, an en banc panel of this Court in *Richards* and *Moroz* expressly overruled *Chichkin* and held that a defendant's acceptance of ARD for a prior DUI can be considered a prior DUI conviction for sentencing purposes under section 3804. *Moroz*, 284 A.3d at 233; *Richards*, 284 A.3d at 220; *see also Commonwealth v. Hummel*, 295 A.3d 719, 720-21 (Pa. Super. 2023) (holding that *Richards* and *Moroz* overruled *Chichkin* and are controlling precedent). Roupp's reliance on *Verbeck* is unavailing, as that decision was the product of an equally divided Court and therefore lacks precedential value. *See Hummel*, 295 A.3d at 720 n.1 (noting that a plurality decision of the Pennsylvania Supreme Court is not precedential and is not binding on future decisions of this Court). Although our Supreme Court has granted allowance of appeal in the *Richards* case,[6] no decision has

_____

[6] The Supreme Court of Pennsylvania granted allocatur in *Richards* to consider whether it is "unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by *Alleyne*, i.e., a prior offense can only be determined by proof beyond a reasonable doubt[.]" *Commonwealth v. Richards*, 294 A.3d 300, 300 (Pa. 2023). Additionally, the Court will consider whether it is "fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof of guilt beyond a reasonable doubt[.]" *Id.* at 301. Additionally, the Pennsylvania Supreme Court recently granted allowance of appeal on a similar issue in a separate matter:

*(Footnote Continued Next Page)*

been issued at the time of this writing, and we therefore remain bound by this Court's precedent in **Richards** and **Moroz**. **See Commonwealth v. Hind**, 304 A.3d 413, 417 (Pa. Super. 2023) ("[A]ll Pennsylvania courts, appellate and trial courts alike, are duty bound to apply the law in effect at the time of a decision.") (citation omitted); **see also Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) (stating that we are bound by existing precedent until such time as it is overturned). Consequently, we lack authority to grant Roupp relief and conclude that the trial court did not err in treating Roupp's prior conviction of DUI-ARD as a prior offense under Pennsylvania's DUI statute and in grading Roupp's instant conviction of DUI as his second offense.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/11/2025

---

In light of **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), is it unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by **Alleyne**, i.e., a prior offense can only be determined by a jury by proof beyond a reasonable doubt?

**Commonwealth v. Shifflett**, 316 A.3d 616, 617 (Pa. 2024).