2023 PA Super 213

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TARA ANN SELADONES | : | |
| | : | |
| Appellant | : | No. 377 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 1, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000145-2022

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

OPINION BY BOWES, J.:                                      **FILED OCTOBER 24, 2023**

Tara Ann Seladones appeals from the judgment of sentence of one to eighteen months of imprisonment plus costs and restitution imposed upon her conviction for theft by unlawful taking. We vacate the sentence and remand for proceedings consistent with this opinion.

By way of background, the victim in this matter, Connie Yutko, kept currency and silver coins worth approximately $10,000 in a metal firebox in the spare bedroom of her home. In October of 2021, after falling ill from COVID-19, Ms. Yutko was admitted to the hospital where she remained for approximately eight days. Shortly after admission, she texted Appellant and asked if Appellant would go to her house to take care of her cats. Ms. Yutko had previously hired Appellant to watch after her home and pets while on vacation.

A few weeks after being discharged, Ms. Yutko realized that the firebox and all its contents were missing. She contacted the police and provided details about the box, currency, and coins to Pennsylvania State Police Trooper Steven Kase, Jr. She also informed the trooper that she suspected Appellant had taken the items, as no one else was in her home while she was at the hospital and there were no signs of forced entry. Trooper Kase then interviewed Appellant in a common area outside her apartment building. After denying any involvement in the theft numerous times, and after multiple assurances from the trooper that Ms. Yutko had no desire to press charges if the responsible person came clean, Appellant eventually confessed that she took the firebox and items therein to satisfy her gambling habit. The confession was recorded with a microphone the trooper was wearing. Trooper Kase arrested Appellant several minutes later.

Appellant was subsequently charged with a single count of theft by unlawful taking, graded as a felony of the third degree since the value of the objects taken was purported to be over $2,000. The matter proceeded to a jury trial, wherein Ms. Yutko and Trooper Kase testified as outlined above. The Commonwealth also introduced a portion of the recording of Appellant's confession prior to her arrest. Appellant did not testify. Her defense, as developed by the argument of her attorney, was that the confession was obtained through coercive and deceptive practices and that Trooper Kase rushed to judgment by failing to investigate others who could be responsible.

At the conclusion of trial, the jury convicted Appellant of the sole theft count. Critically, the verdict slip did not contain an interrogatory for the jury to find the value of the items taken. Similarly, in the trial court's closing instructions to the jurors, it did not direct them to determine the value of the goods taken.

On the day Appellant was initially scheduled to be sentenced, she filed a motion for extraordinary relief asserting, *inter alia*, that her conviction should be graded as a misdemeanor of the third degree since there was no factual finding as to the value of the items stolen. The trial court continued sentencing to consider briefs filed by Appellant and the Commonwealth. On February 17, 2023, the court entered an opinion and order denying the motion. Appellant was subsequently sentenced as indicated above, with the theft graded as a felony of the third degree.

Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] Appellant presents the following question for our resolution: "Whether the trial judge committed an error of law in sentencing [Appellant] for theft by unlawful taking graded as a [third-]degree felony instead of a [third-]degree misdemeanor after the jury failed to determine the value of the items taken?" Appellant's brief at 4 (cleaned up).

We begin by observing that a "claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence."

---

[1] The trial court entered a statement in lieu of opinion, attaching its opinion and order dated February 17, 2023.

*Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa.Super. 2013).  In reviewing such a challenge, "our standard of review is *de novo* and our scope of review is plenary."  *Commonwealth v. Stanley*, 259 A.3d 898, 992 (Pa.Super. 2021) (citation omitted).

In relevant part, the Crimes Code provides for the grading of theft offenses as follows:

**§ 3903.  Grading of theft offenses**

. . . .

**(a.1) Felony of the third degree.**—[With exceptions not pertinent here], theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or the property stolen is an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

. . . .

**(b) Other grades.**—Theft not within . . . (a.1) . . . constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S. § 3903.  The statute further states that "[w]hen the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in . . . this subsection[,] its value shall be deemed to be an amount less

than $50." 18 Pa.C.S. § 3903(c)(3). In such a case, the offense would constitute a third-degree misdemeanor.

Appellant argues that since the jury did not find the value of the stolen items on the verdict slip or otherwise, the amount should be deemed to be less than $50 and her theft must be graded as a misdemeanor of the third degree. **See** Appellant's brief at 8-11. Since the trial court sentenced her to a felony, she avers that her sentence is illegal and must be vacated. **Id**. at 10-11. After review, we are constrained to agree with Appellant.

Although she does not articulate it as such, Appellant's challenge invokes a legal principle arising from a line of cases beginning with **Apprendi v. New Jersey**, 530 U.S. 466 (2000). There, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Id**. at 490. In the same vein, this Court, citing **Apprendi**, has stated that "a fact that increases the maximum penalty **or changes the grade of an offense must be submitted to a jury and proven beyond a reasonable doubt**." **Commonwealth v. Panko**, 975 A.2d 1189, 1191 (Pa.Super. 2009) (emphasis added). One notable carveout to this prohibition is that a judge may change the grading of an offense based on facts admitted by a defendant, even if they are not determined by the factfinder. **See Commonwealth v. Johnson**, 961 A.2d 877, 881 (Pa.Super. 2008); **see also Cunningham v.**

*California*, 549 U.S. 270, 283 (2007) (stating that "[o]ur precedents make clear . . . that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" (cleaned up)).

In *Johnson*, the defendant was convicted by a jury of intimidation of a witness, a crime graded as a felony of the first degree if the underlying case in which the victim was involved included a charge of murder. *See* 18 Pa.C.S. § 4952(b)(2). During closing argument, Johnson's counsel readily conceded that the victim was a witness against Johnson's brother relating to the brother's murder charges. *See Johnson*, *supra* at 883. Accordingly, the trial court sentenced him on the intimidation count as a felony of the first degree.

Johnson appealed, asserting a challenge under *Apprendi* because the jury did not determine as a matter of fact that the victim was a witness in a case involving a murder charge. This Court affirmed, holding that based on counsel's admission, made during trial in the presence of the jury, "there was no need for the jury to make a specific factual finding regarding the crime to which [the victim] had been a witness." *Id*. at 883. Supporting that decision, we cited historic precedent from our High Court standing for the proposition that "[i]n trials for felony, admissions of fact which the government is bound to prove are not permitted unless made **at the trial in open court by the prisoner or his counsel**." *Id*. at 882 (citing *Commonwealth v. McMurray*,

- 6 -

47 A. 952, 953 (Pa. 1901) (emphasis added)). As such, we determined that counsel's closing statements at trial constituted an admission of fact sufficient to satisfy *Apprendi*.

Here, the trial court relied upon our holding in *Johnson* in rejecting Appellant's claim, opining that Appellant's pre-arrest confession was sufficient to supplant any need for the jury to make a factual determination as to value. *See* Opinion of Court, 2/17/23, at 5. The court also highlighted that Trooper Kase clearly indicated prior to the confession that the items in question were worth approximately $10,000, with the bulk of that being cash, and that the value was never disputed by Appellant before or during trial. *Id*. Accordingly, it determined that since the value of the stolen items was over $2,000, pursuant to 18 Pa.C.S. § 3903(a.1) the theft was properly graded as a felony of the third degree.[2]

We find *Johnson* to be factually distinguishable and decline to extend the *Apprendi* exception articulated therein to the instant matter. Here, Appellant made no admission as to the value of the stolen items **in trial in open court**, either herself or through her attorney.[3] Unlike in *Johnson*, this

_____

[2] In its brief, the Commonwealth essentially adopts the reasoning of the trial court, particularly its reliance on *Commonwealth v. Johnson*, 961 A.2d 877 (Pa.Super. 2008). *See* Commonwealth's brief at 2-3.

[3] Indeed, a close review of the pre-arrest confession reveals that while Appellant admitted to taking the firebox, she never conceded or admitted the value of the currency or silver coins contained therein. On the contrary, it

*(Footnote Continued Next Page)*

is not a case where Appellant made representations to the jury that obviated the need for it to decide some admittedly uncontested fact. Rather, this situation entailed an out-of-court confession that Appellant claims she was tricked into making based on lies by Trooper Kase, and that the jury should reject it.

Our High Court has made it clear that a pre-trial confession is not conclusive of guilt, and therefore does not have the same evidentiary effect as an admission or stipulation made in open court. More specifically, the Court stated as follows:

> [E]ven if a confession has properly been admitted into evidence at trial, a finder of fact is still not compelled to believe the matters contained in the confession and to automatically return a verdict of guilty, since the confession is not decisive of the issue of the defendant's guilt or innocence. *See Crane v. Kentucky*, 476 U.S. 683, 689, (1986) ("Confessions, even those that have been found to be voluntary, are not conclusive of guilt. And, as with any other part of the prosecutor's case, a confession may be shown to be 'insufficiently corroborated or otherwise unworthy of belief.'"). The finder of fact remains the final arbiter of the question of the veracity of the matters contained in the confession and is wholly free to decide its impact, if any, on the central question of the defendant's guilt or innocence. *Commonwealth v. Ewell*, 319 A.2d 153, 156 (Pa. 1974) ("A defendant's voluntary out-of-court statement is merely another piece of evidence to be considered in resolving the ultimate issue of guilt or innocence, and jurors can attach as much or as little weight to it as they see fit."). Ultimately, the finder of fact is free to choose to believe all, part, or none of the contents of a confession in arriving at its verdict. *Commonwealth v. Sherwood*, 982 A.2d 483, 493 (Pa. 2009) ("A jury or a trial Court can believe all or a part of or none of a defendant's statements, confessions or testimony.");

was Trooper Kase, not Appellant, that declared the value of these items during the interview.

> ***Commonwealth v. Williams***, 176 A.2d 911, 918 (Pa.Super.
> 1962) ("A jury is not **required** to accept a confession as true even
> if it is voluntarily made." (emphasis original)).

***Commonwealth v. Wright***, 14 A.3d 798, 816–17 (Pa. 2011) (cleaned up).

Accordingly, to hold that Appellant's pre-arrest confession constituted an admission for ***Apprendi*** purposes, despite being made outside of trial and the presence of the jury, would run afoul of our Supreme Court's precedent. Such a holding would allow the Commonwealth to use a confession at trial to bypass its obligation to prove elements of a crime beyond a reasonable doubt, abrogating the jury's function in weighing the evidentiary value of the confession.[4] It would also violate the rule articulated by our High Court in ***McMurray***, on which ***Johnson*** relied, that no admission of fact can be made in a felony trial unless done by the defendant or her counsel in trial and in open court. ***McMurray***, ***supra*** at 953. We cannot countenance such a result. Therefore, we find no basis in which to extend ***Johnson***'s holding to this matter.

Rather, this case is analogous to ***Commonwealth v. Kearns***, 907 A.2d 649 (Pa.Super. 2006), cited by Appellant. There, Kearns was convicted of

_____

[4] We note that the jury submitted written questions to the trial court before rendering it verdict. Significantly, they asked (1) whether the contents of the box were relevant, and (2) who owned the items inside the box. **See** N.T. Trial, 10/28/22, at 82 (Court Exhibit 1). As such, despite finding Appellant guilty, it is not certain that the jury believed every aspect of the confession or that the Commonwealth proved the value of the contents beyond a reasonable doubt.

involuntary manslaughter, among other crimes. *Id*. at 651. When he was sentenced, the trial court graded that offense as a felony of the second degree pursuant to 18 Pa.C.S. § 2504(b) because the evidence demonstrated that the victim was under twelve years of age and in the care of Kearns at the time the fatal injuries were inflicted. *Id*. During trial, Kearns never contested that the victim was only two years old at the time of death. *Id*. at 658. Further, there was no place on the verdict slip to reflect any finding as to the victim's age. *Id*. Kearns appealed, arguing that he should be resentenced to a lower grading of involuntary manslaughter under *Apprendi* since the age of the victim was never determined as a matter of fact. *Id*. at 652.

This Court reversed, vacating Kearns's sentence. After discussing the law under *Apprendi* and its progeny, we concluded that Kearns could not be sentenced to a felony of the third degree, as the relevant factual determinations were neither admitted by the defendant nor found by a jury beyond reasonable doubt. *Id*. at 655. We so held despite argument from the Commonwealth that there was overwhelming evidence that the victim was two years old, and that the victim's age was not contested by Kearns at trial. In rejecting those arguments, we stated as follows:

> **No matter the volume of evidence presented, nor the quality of the evidence, or even a lack of contrary evidence, the production of evidence cannot stand as a proxy for a specific finding by the factfinder.** If the preceding were not true, then irrespective of the jury's verdict an acquittal could be set aside if a reviewing court concluded that the premise of guilt had been conclusively established. Indeed, there would be no point in proceeding to jury deliberation in some cases. If the court

- 10 -

concluded at the close of evidence that the defendant's guilt had been "conclusively proven," the court would be entitled to enter a guilty verdict directly. Of course, this is not the law, nor could it be if we are to preserve the constitutional right to trial by jury. Moreover, it is axiomatic that the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence. **This principle of law relegates the factfinding process to the jury, even where the ultimate finding seemingly flies in the face of the uncontradicted evidence.**

*Id*. at 658 (cleaned up and emphases added).

The matter *sub judice* is materially similar to **Kearns**. The jury never determined as a matter of fact the value of the items taken. Further, the trial court did not instruct the jury that it must determine a certain value to find Appellant guilty. Without this determination, there was no fact with which to increase the grading of Appellant's theft by unlawful taking conviction.

The only difference between this case and **Kearns** is that the Commonwealth here entered into evidence Appellant's pre-arrest confession, which included statements by the trooper, not Appellant, as to the value of the items stolen. We are unconvinced that this distinction is pertinent for the reasons discussed above. The confession was evidence, perhaps overwhelming evidence, that a theft was committed. However, no matter how persuasive it was, it cannot be used to impute an in-court admission concerning the value of the stolen items to Appellant when neither she nor her attorney made one. **Kearns**, **supra** at 658. This is especially so because the confession was "not decisive of the issue of [her] guilt or innocence." **Wright**, **supra** at 816.

- 11 -

Since the jury never made a finding as to the value of the property taken, Appellant's sentence for theft by unlawful taking must be graded at its lowest level, a misdemeanor of the third degree.

Judgment of sentence vacated.  Remanded for proceedings consistent with this opinion.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2023