J-S19028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CODY EDWARD SAUM | : | |
| | : | |
| Appellant | : | No. 1523 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 16, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000168-2023

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.:                    **FILED: JULY 18, 2024**

Cody Edward Saum ("Saum") appeals from the judgment of sentence imposed by the Adams County Court of Common Pleas ("trial court") following his conviction of driving under the influence ("DUI") and obstructing administration of law.[1]  On appeal, Saum argues that the trial court erred in determining that his DUI conviction should be treated as his second offense when he completed Accelerated Rehabilitative Disposition ("ARD") for his first DUI offense.  We affirm.

On January 28, 2023, Trooper Jeffrey Allen stopped a vehicle driven by Saum after observing Saum commit several violations of the Pennsylvania

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), 5101.

Vehicle Code.[2]  Upon approaching the vehicle, Trooper Allen observed Saum's eyes were bloodshot and glassy and he detected a strong odor of alcohol. Trooper Allen then conducted field sobriety tests during which Saum showed multiple signs of intoxication.  Trooper Allen attempted to administer a breath test, but Saum refused.  He then arrested Saum.  Subsequently, Saum refused to consent to a blood draw.  After a warrant was obtained to draw blood, Saum again refused to consent.  The Commonwealth charged Saum with numerous crimes, including DUI as a second offense based on a prior ARD-DUI conviction from 2022.

The case proceeded to a stipulated bench trial.  The trial court found Saum guilty of the above crimes.  The case proceeded to sentencing, where Saum requested that the trial court not consider his prior ARD-DUI offense as a first offense for sentencing purposes.  Ultimately, the trial court rejected Saum's request and sentenced him to sixty months of probation with restrictive conditions, including ninety days of house arrest with electronic monitoring.

Saum filed a timely appeal.  Saum presents the following issue for review: "Did the [t]rial [c]ourt err when considering [Saum's] prior DUI-ARD as a first offense for purposes of sentencing?"  Saum's Brief at 4.

---

[2]  75 Pa.C.S. §§ 101-9910.

We begin our analysis by acknowledging that "a claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." *Commonwealth v. Seladones*, 305 A.3d 83, 85 (Pa. Super. 2023) (citation omitted). For issues challenging the legality of a sentence, "our standard of review is de novo and our scope of review is plenary." *Id.* (citation omitted).

Saum argues that *Commonwealth v. Chichkin*, which held that prior acceptance of ARD for purposes of imposing a sentence for a subsequent DUI offense was unconstitutional, should be controlling in this case. Saum's Brief at 8, 9 (citing *Commonwealth v. Chichkin*, 232 A.3d 959, 971 (Pa. Super. 2020), *overruled by Commonwealth v. Richards*, 284 A.3d 214, 220 (Pa. Super. 2022) (en banc), *appeal granted*, 294 A.3d 300 (Pa. 2023), and *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022) (en banc)). Saum further observes that in *Commonwealth v. Verbeck*, a plurality of our Supreme Court found that "the language in [s]ection 3806 of the Vehicle Code, 75 Pa.C.S. § 3806,[3] which includes acceptance of ARD as a prior offense and

---

[3] Section 3806 defines "prior offenses," in pertinent part, as:

> [A]ny conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

*(Footnote Continued Next Page)*

directs the trial court at sentencing to determine the number of ARD acceptances, if any, for purposes of enhancing the defendant's sentence, is unconstitutional," supports this argument. Saum's Brief at 8-9 (citing *Commonwealth v. Verbeck*, 290 A.3d 260, 277 (Pa. 2023) (Opinion in Support of Affirmance)).

Saum also contends that the companion cases of *Richards* and *Moroz*, which he recognizes overruled *Chichkin* and held that "the portion of [s]ection 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a [s]ection 3804[4] mandatory minimum sentence, passes constitutional muster," were wrongly decided. Saum's Brief at 8 (citing *Richards*, 284 A.2d at 220; *Moroz*, 284 A.3d at 233). In Saum's view, ARD cannot be considered as a prior conviction as doing so violates his procedural and substantive due process rights. Saum's Brief at 10.

As Saum correctly observes, an en banc panel of this Court in *Richards* and *Moroz* expressly overruled *Chichkin* and held that a defendant's acceptance of ARD for a prior DUI can be considered a prior DUI conviction for sentencing purposes under section 3804. *Moroz*, 284 A.3d at 233;

---

(1) An offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S.A. § 3806(a)(1).

[4] Section 3804 sets forth mandatory minimum sentence terms for first, second, and third or subsequent DUI convictions. 75 Pa.C.S. § 3804.

*Richards*, 284 A.3d at 220; *see also Commonwealth v. Hummel*, 295 A.3d 719, 720-21 (Pa. Super. 2023) (holding that *Richards* and *Moroz* overruled *Chichkin* and are controlling precedent). Moreover, Saum's reliance on *Verbeck* is unavailing, as that decision was the product of an equally divided Court and therefore lacks precedential value. *See Hummel*, 295 A.3d at 720 n.1 (noting that a plurality decision of the Pennsylvania Supreme Court is not precedential and is not binding on future decisions of this Court). Although our Supreme Court has granted allowance of appeal in the *Richards* case, no decision has yet to be issued, and therefore we remain bound by this Court's precedent in *Richards* and *Moroz*. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006) (stating that we are bound by existing precedent until such time as it is overturned). Consequently, we lack authority to grant Saum relief and conclude that the trial court did not err in treating Saum's prior conviction of DUI-ARD as a prior offense under Pennsylvania's DUI statute and in grading Saum's instant conviction of DUI as his second offense.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2024

- 5 -