J-S12031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID HERNANDEZ | : | |
| Appellant | : | No. 995 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0004024-2023

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 13, 2025**

Appellant, David Hernandez, appeals from the judgment of sentence imposed following his convictions for possession of a firearm, possession of an instrument of crime, and terroristic threats.[1]  We affirm.

The trial court set forth the facts of this case in its opinion prepared pursuant to Pa.R.A.P. 1925(a), as follows:

> On May 18, 2023, Patricia Ott (hereinafter Ms. Ott) testified that she left her home on the 1100 block of E. Atlantic Street, Philadelphia[,] PA[,] when she noticed damage to the passenger side bumper of her Nissan.  She described her street as a dead-end block of row homes.  Ms. Ott contacted one of her neighbors[,] as well as her sister who lives a few doors down[,] to review their security cameras to determine how her car may have been damaged.  The neighbor's porch camera and her sister's Ring doorbell camera footage showed Appellant's vehicle striking her car.  Appellant is also heard on camera admitting to hitting her car.  After viewing the videos, Ms. Ott knocked on Appellant's

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 907(a), and 2706(a)(1), respectively.

door, but initially there was "no answer," so she inquired at another neighbor's residence to see if Appellant was there.

While speaking with that neighbor, Appellant's door flew open, and he exited his house with a black handgun in his hand[,] stating: "Who the fuck was knocking at my door?[,]" which he repeated as he walked down his porch steps. Appellant was on the sidewalk, fourteen feet away from Ms. Ott[,] and she replied, "[R]elax Dave it was me." Appellant lowered the gun down to his side. She asked him if [he] was going to tell her that he hit her car and Appellant then placed the gun in his front hoody pocket. He told her she should not have parked there but accompanied Ms. Ott to assess the damage to her vehicle.

Appellant first argued that his father could repair the car "for twenty bucks," but Ms. Ott explained she wanted to "go through insurance or … get an[] estimate and (he) can pay out of pocket" because she wanted it "done properly." Appellant said she was being "a money hungry bitch[,]" and Ms. Ott became frustrated and decided to "call the cops and make a police report[.]" [A]gain attempting to reason with Appellant[,] she stated: "Dave, we have two options, either insurance or you pay out of pocket." Appellant began to push the gun from inside the hoody pocket[,] ensuring Ms. Ott could see the imprint of the weapon and replied: "That's not the only fucking option. We can do this the street way and you'll disappear[,] bitch."

At this point, Ms. Ott was not afraid and walked back to her sister's house. Appellant yelled in her direction: "Call the fucking cops. My uncle works for the district. They won't do shit, and when they leave, I'll show you what a real threat is, bitch." Appellant then proceeded back inside his residence. Ms. Ott called the police from her sister's home. Appellant came back outside in different clothing — a dark green t-shirt and jeans — but without the firearm. He expressed his anger at Ms. Ott for calling the police. Words were again exchanged, and Appellant stated: "I know Latin King bitches that will address you."

When police arrived on the block, Appellant walked back over to his house. The officers spoke with each party separately. As the officers departed toward their cruiser, Appellant leaned over his porch railing and said to Ms. Ott: "This is about to cost me a lot of money and that's going to cost you a bullet in the head." Ms. Ott's sister yelled for the police to return, and they spoke again with the parties individually.

The parties stipulated to the following at trial: Detective Adam O'Donnell took photographs of Ms. Ott's vehicle and prepared a search warrant for [Appellant's] home and vehicle. No firearm was recovered from his investigation. Police responded to the initial report at 4:45 pm and Appellant was taken into custody at approximately 7:30 pm. [Appellant's] home was held for a search warrant during this period. Appellant was ineligible to possess a firearm under … Section 6105[ of the Uniform Firearms Act].

Trial Court Opinion ("TCO"), 8/16/24, at 3-4 (citations omitted).

Appellant was convicted following a bench trial on September 29, 2023. Thereafter, the trial court sentenced Appellant to an aggregate term of 6½ to 13 years of incarceration. Appellant did not file a post-sentence motion, but filed, through counsel, a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. After receiving the trial court opinion, new counsel entered his appearance and filed a brief on Appellant's behalf. We thus turn to the claims raised in this appeal.

Appellant presents the following issues:

A. Where the complainant testified that [Appellant] possessed a gun and the parties stipulated only that "[Appellant] is ineligible to possess a firearm under Section 6105[,"] this evidence established that [Appellant] was at most guilty of [Section] 6105 as a misdemeanor of the first degree; the evidence was insufficient to sustain his conviction of [Section] 6105 graded as a felony of the first degree.

B. The trial court imposed an illegal sentence of 5 to 10 years for [Section] 6105 where the Commonwealth failed to prove beyond a reasonable doubt at trial that Appellant was prohibited from possessing firearms as a result of a felony conviction enumerated in [Section] 6105(b), a felony conviction under [Pennsylvania's] Controlled Substance, Drug, Device and Cosmetic Act, or any other equivalent federal or state statute.

Brief for Appellant at 7.

- 3 -

Appellant first challenges the sufficiency of the evidence supporting his conviction of possessing a firearm as a first-degree felony under Section 6105. When reviewing a challenge to the sufficiency of the evidence, this Court must evaluate the trial record and consider all of the evidence under the totality of the circumstances, when viewed in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Frein*, 206 A.3d 1049, 1063 (Pa. 2019). The Commonwealth can sustain its burden of proof by circumstantial evidence. *Id.* Moreover, the trier of fact determines the credibility of witnesses and the weight of the evidence, and is free to believe all, some, or none of the evidence. *Id.*

Here, Appellant does not allege that the Commonwealth failed to present evidence of the elements of Section 6105 — he argues, instead, that the Commonwealth failed to prove he committed a felony as opposed to a misdemeanor. Our task in evaluating the sufficiency of the evidence is first to determine whether the Commonwealth sufficiently proved that Appellant committed the offense of possession of a firearm; then, we examine the proper grading of the offense. We are aided by the stipulation in this case that Appellant was a person not to possess a firearm. Appellant's argument that the offense should have been graded as a misdemeanor involves the legality of his sentence. *See Commonwealth v. Seladones*, 305 A.3d 83, 85 (Pa. Super. 2023) (cleaned up). "In reviewing such a challenge, our standard of review is *de novo* and our scope of review is plenary." *Id.*

(cleaned up).[2]  A sentence imposed without statutory authorization is illegal and will be subject to correction.  ***Commonwealth v. Devine***, 326 A.3d 935, 940 (Pa. Super. 2024).

Section 6105 defines the offense of possessing a firearm and addresses the proper grading of Appellant's conviction as follows:

**(a) Offense defined.--**

(1) A person who has been convicted of a[ specified criminal] offense … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\*\*\*

**(a.1) Penalty.--**

\*\*\*

(1.1) The following shall apply:

(i) A person convicted of a felony enumerated under subsection (b) or a felony under The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the first degree if:

\*\*\*

(B) at the time of the commission of a violation of subsection (a), the person was in physical possession or control of a firearm, whether

---

[2] Although Appellant did not specifically raise an illegal sentencing claim in the trial court, his challenge is not waived and may be subject to *sua sponte* inquiry by the appellate court.  ***See Commonwealth v. Hoffman***, 198 A.3d 1112, 1123 (Pa. Super. 2018).

> visible, concealed about the person or within the
> person's reach.

18 Pa.C.S. § 6105(a)(1), (a.1)(1.1)(i).

Appellant argues the stipulation that he was "ineligible to possess a firearm under Section 6105,"[3] only sufficed to demonstrate his guilt of Section 6105's by-default M1-graded offense. Appellant does not cite any legal authority for this premise, which could result in a waiver of the claim. **See Commonwealth v. Armolt**, 294 A.3d 364, 379 (Pa. 2023). However, we decline to find waiver.

Appellant is correct in that a Section 6105 violation is graded as a misdemeanor by default. **See** 18 Pa.C.S. § 6119 ("Except as otherwise specifically provided, an offense under this subchapter constitutes a misdemeanor of the first degree."). However, as indicated above, Section 6105 clarifies that "a person convicted of a felony … under The Controlled Substance, Drug, Device and Cosmetic Act, … who violates subsection (a) commits a felony of the first degree if: … at the time of the commission of a violation of subsection (a), the person was in physical possession or control of a firearm[.]" 18 Pa.C.S. § 6105(a.1)(1.1)(i)(B).

Because Appellant focuses on the stipulation, we note that a stipulation "is a declaration that the fact agreed upon is proven [, and a] valid stipulation must be enforced according to its terms." **Commonwealth v. Mitchell**, 902 A.2d 430, 460 (Pa. 2006) (citing **Commonwealth v. Rizzuto**, 777 A.2d 1069,

---

[3] N.T. Bench Trial, 9/29/23, at 58.

1088 (Pa. 2001)). This Court has determined that "parties may stipulate, and be bound by their acts as the law of the case, in all matters affecting them without affecting the jurisdiction and prerogatives of the court." *Commonwealth v. Perrin*, 291 A.3d 337, 345 (Pa. 2023). "A stipulation of facts is binding and conclusive on a trial court, although the court may nonetheless draw its own legal conclusions from those facts." *Mader v. Duquesne Light Co.*, 241 A.3d 600, 615 (Pa. 2020).

While Appellant focuses on the stipulation, he disregards his prior conviction of two counts of possession with the intent to deliver a controlled substance, for which he was sentenced to a term of 3 to 10 years of incarceration. *See* Trial Court Docket No. CP-51-CR-04939-2009. The trial court noted that these two convictions were documented in Appellant's pre-sentence investigation report. TCO at 6-7. In addition, docket entries and filings in criminal proceedings are considered public record. *Commonwealth v. Curley*, 1859 A.3d 467, 473 (Pa. Super. 2018). Since Appellant's prior convictions are public record, and they were known to the sentencing court, they properly served to enhance the grading of his conviction for possessing a firearm.[4]

Finally, Ms. Ott testified that Appellant possessed a firearm during their encounter which he concealed in the pocket of his hoody. N.T. Waiver Trial, 9/29/23, at 27 (describing Appellant exiting his front door with a gun in his

_____

[4] Further, Appellant was put on notice that the possession of a firearm charge was a first-degree felony via the criminal information filed June 21, 2023.

hand), *id.* at 31 ("[H]e started pushing the gun from inside his hoody pocket to where I can see the imprint, and he said, [']That's not the only fucking option….[']").

Appellant's conviction was properly graded as a first-degree felony under 18 Pa.C.S. § 6105(a.1)(1.1)(i). Appellant was previously convicted of possession with the intent to deliver a controlled substance, and the testimony established that he was in physical possession of a firearm during his encounter with Ms. Ott. Thus, the issue does not merit relief.

In his second issue, Appellant claims his judgment of sentence is illegal because he was only guilty of a misdemeanor, not a felony of the first-degree. Appellant correctly notes that had his conviction been a misdemeanor, his maximum sentence of 10 years of incarceration on that charge would have been illegal. However, we concluded his conviction was properly graded as a first-degree felony. The maximum potential penalty for a conviction of a first-degree felony is 20 years of incarceration. 18 Pa.C.S. § 1103(1). As Appellant's sentence does not exceed the lawful maximum, it is not illegal. Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2025