2025 PA Super 181

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY LUBERTO | : | |
| | : | |
| Appellant | : | No. 1238 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 5, 2024
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000485-2022

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY BECK, J.: **FILED AUGUST 22, 2025**

Anthony Luberto ("Luberto") appeals from the judgment of sentence entered by the Pike County Court of Common Pleas ("trial court") following his convictions of one count each of driving under the influence ("DUI") – general impairment as a second offense and DUI – high rate of alcohol as a second offense.[1] Luberto challenges the sufficiency of the evidence to support his convictions, as well as discretionary aspects of his sentence. We affirm in part, reverse in part, and remand for resentencing.

On June 18, 2022, at 6:22 p.m., Trooper Christopher Kolosinsky received a call from a towing company about a single vehicle accident on German Valley Road in Greene Township, Pike County. Trooper Kolosinsky

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), (b).

arrived at the scene at 7:20 p.m. and observed a vehicle off the road and in a field with no driver in the vehicle. Trooper Kolosinsky ran the registration of the vehicle and found that Luberto was the owner. He then found Luberto in a parking lot close to the location of the vehicle. Trooper Kolosinsky spoke with Luberto and found that he exhibited signs of intoxication, including an odor of alcohol emanating from him, slurred speech, swaying side to side, unable to stand upright, and had bloodshot eyes. Trooper Kolosinsky attempted to run field sobriety tests on Luberto but realized that continuing them would be unsafe. Accordingly, Trooper Kolosinsky arrested Luberto and took him to the barracks to conduct a breathalyzer test.

At the barracks, Trooper Kolosinsky observed Luberto for twenty minutes and ensured that he did not drink or eat anything before the test. The breathalyzer was turned on at 7:40 p.m. Trooper Megan Herrmann then input Luberto's information into the machine at 7:56 p.m. and subsequently performed two breathalyzer tests at 8:01 p.m. and 8:02 p.m., respectively. The results indicated a blood alcohol content ("BAC") of 0.133 and 0.130 respectively. Subsequently, the Commonwealth charged Luberto with two counts of driving under the influence and one count each of careless driving and driving vehicle at safe speed.

Luberto waived his right to a jury trial, and the case proceeded to a bench trial, following which the trial court found him guilty of the two counts of DUI and not guilty of careless driving and driving vehicle at safe speed. The

trial court found that this was his second offense because he had previously received accelerated rehabilitative disposition ("ARD") for a prior DUI, and thus imposed the mandatory minimum sentence of thirty days to six months in prison for the DUI conviction under section 3802(b) as a second offense, plus costs and fines. It did not impose a separate sentence under section 3802(a)(1),[2] finding the conviction merged with Luberto's conviction under section 3802(b). Luberto filed a timely appeal.[3]

Luberto raises four questions for our review:

1. Whether the trial court erred in finding that the Commonwealth established that testing was done within two hours of the accident?

2. Whether the trial court erred in finding that the Commonwealth produced sufficient evidence to establish that the required twenty-minute observation period was completed prior to testing?

---

[2] The trial court noted, though, that Luberto's convictions under both section 3802(a)(1) and (b) were his second DUI offenses.

[3] On October 11, 2024, Luberto electronically filed a brief that did not include the trial court opinion, or the 1925(b) statement, and he failed to file a reproduced record. Further, Luberto failed to file paper copies of the brief. On December 11, 2024, the Commonwealth filed an application to dismiss the appeal on these bases. Luberto did not file a response, and this Court granted the Commonwealth's application to dismiss based on his failure to file paper copies of the brief. On February 4, 2024, Luberto filed a motion to reinstate appeal and sent paper copies of his brief to this Court. We granted the motion but deferred the Commonwealth's application to dismiss based on the failure to provide a reproduced record or append copies of the Rule 1925(b) concise statement and Rule 1925(a) opinion to his brief. As the record is complete and includes the concise statement and trial court opinion, we decline to dismiss on those grounds and deny the Commonwealth's application.

3. Whether the trial court erred in finding that the Commonwealth produced sufficient evidence to establish that [Luberto] was the operator of the subject vehicle?

4. Whether the trial court erred in finding that this incident constitutes a second offense for sentencing purposes?

Luberto's Brief at 7 (questions reordered for ease of disposition).

**Sufficiency of the Evidence**

<u>Testing</u>

Luberto claims that there was insufficient evidence to convict him of DUI under section 3802(b) because there was nothing to establish that the BAC tests were conducted within two hours of the accident, as required by law. Luberto's Brief at 15-16. He contends that because the troopers did not know when the accident occurred, they could not prove that the tests were done within two hours of when the vehicle was last operated. *Id.* at 16.

Our standard of review for sufficiency claims is well settled:

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the [factfinder] to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the offense by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgement for that of the [factfinder].

*Commonwealth v. Rosario*, 307 A.3d 759, 764-65 (Pa. Super. 2023) (citation omitted).

Section 3802(b) states the following:

**(b) High rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b).

To be found guilty under section 3802(b), "the Commonwealth must prove: (1) [a]ppellant was driving, operating, or in actual physical control of the movement of a vehicle, and (2) [a]ppellant's BAC was … at least 0.10% but less than 0.16% within two hours of driving, operating, or being in control of the vehicle." *Commonwealth v. Haight*, 50 A.3d 137, 141 (Pa. Super. 2012); *see also Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009) ("The necessity for the two hour time limit in subsections 3802… (b) … is grounded in the practical impossibility either of measuring blood alcohol level precisely at the time of driving or of calculating the exact blood alcohol level at the time of driving from a single blood alcohol measurement taken at some point in time after driving."). The Commonwealth may prove its case through circumstantial evidence. *Commonwealth v. Starry*, 224 A.3d 312, 318 (Pa. 2020).

Trooper Kolosinsky testified he received a call at 6:22 p.m. from a towing company about a single-car accident that had occurred in a field. N.T., 5/09/2024, at 11, 20. He stated that he arrived at the scene at 7:20 p.m. *Id.* at 11, 28. After identifying Luberto as the owner of the vehicle and performing sobriety tests, Trooper Kolosinsky transported him back to the barracks and conducted an observation period that began at 7:40 p.m.[4] *Id.* at 28. Importantly, Trooper Kolosinsky testified that he did not know when the crash had occurred, and there was no other evidence presented to answer that question. *Id.* at 28-29.

Trooper Herrmann testified that she put Luberto's information into the breathalyzer machine at 7:56 p.m., but that the first test did not commence until 8:01 p.m., and the second test occurred at 8:02 p.m. *Id.* at 35-36. She further testified that the machine would not operate unless the full twenty-minute observation period had elapsed. *Id.* at 35, 40. She stated that Luberto's BAC levels were .133 and .130. *Id.* at 37.

The trial court found there was sufficient evidence to establish that the test occurred within two hours of Luberto driving:

> The samples were drawn approximately one hour and forty minutes after the call reporting the indecent was received. The vehicle had not been moved prior to Trooper Kolosinsky's arrival. [Luberto] was still near the scene of the accident when Trooper

---

[4] A person being breathalyzed "shall be kept under observation by a police officer or certified breath test officer for at least twenty minutes prior to the administration of the test." 67 Pa. Code § 77.24. During the observation period, "the person may not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten or smoked." *Id.*

Kolosinsky arrived. There was no evidence to suggest that [Luberto] had imbibed alcohol after the accident and his BAC remained zero point one three zero at the time the breathalyzer samples were taken. We find that the totality of the circumstances and circumstantial evidence presented supported the conclusion that the accident had occurred within two hours of the breathalyzer samples being taken.

Trial Court Opinion, 6/28/2024, at 6.

We respectfully disagree with the trial court and find that the evidence adduced at trial was insufficient to support Luberto's conviction of DUI under section 3802(b). Although the testing occurred one hour and forty minutes after law enforcement was made aware of the accident, the Commonwealth presented no evidence as to when the accident occurred or that Luberto drove, operated, or was in actual physical control of the vehicle within two hours of the breathalyzer test. In fact, the Commonwealth presented no evidence establishing a timeline of events. Trooper Kolosinsky admitted he did not know when the accident occurred and only stated that he arrived at the scene approximately one hour after receiving the call from the towing company about the accident. In the absence of any evidence—direct or circumstantial— that Luberto's BAC was between 0.10% and 0.16% within two hours after he drove, operated, or was in actual physical control of the vehicle, we are constrained to reverse Luberto's conviction under section 3802(b).[5]

<u>Operation of the Vehicle</u>

---

[5] Based upon this conclusion, we need not address Luberto's second claim concerning the length of time that elapsed during the observation period before his breathalyzer test. **See** Luberto's Brief at 16-18; **supra** note 4.

- 7 -

Luberto further contends that there was insufficient evidence to prove that he was driving the vehicle before the accident. Luberto's Brief at 12-15. He argues Trooper Kolosinsky never saw him behind the wheel before the accident and was only able to identify him as the owner of the vehicle. *Id.* at 13-14. He therefore concludes that he should not have been convicted of DUI under section 3802(a)(1). *Id.* at 12.

Section 3802(a)(1) states:

**(a)   General impairment. –**

      (1)   an individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle[.]

75 Pa.C.S. § 3802(a)(1).

To be found guilty under section 3802(a)(1), "the Commonwealth [must] prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Frey*, 263 A.3d 1125, 1128 (Pa. Super. 2020) (citation omitted). "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." *Commonwealth v. Bathurst*, 288 A.3d 492, 501 (Pa. Super. 2023) (citation omitted).

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two-hour time limit for measuring blood alcohol level does not apply.

*Segida*, 985 A.2d at 879.

Trooper Kolosinsky testified that the tow truck operator who called to report the accident stated that Luberto was the driver and was at a garage up the road from the accident. N.T., 5/09/2024, at 12. His investigation revealed that the vehicle was registered to Luberto and matched him to his photograph. *Id.* at 14-15, 20. Trooper Kolosinsky found Luberto at the location identified by the tow truck driver and observed that he was intoxicated upon approaching him. *Id.* at 15-19. The trooper described Luberto as "swaying side to side" as though he was going to fall over while standing. *Id.* at 15-16. He also had slurred speech, smelled of alcohol, had bloodshot eyes, and could not complete the field sobriety tests the trooper attempted to administer multiple times. *Id.* at 16-19.

The trial court found sufficient circumstantial evidence identifying Luberto as having driven the car, noting that there was "no evidence indicating that anyone other than [Luberto] was driving the vehicle at the time of the accident, and there was no evidence that [Luberto] had ever denied driving the vehicle." Trial Court Opinion, 6/24/2025, at 5.

Viewing the record in a light most favorable to the Commonwealth, there was substantial evidence that Luberto was the driver of the vehicle and was under the influence of alcohol at the time of the accident. Luberto was the owner of the vehicle, was identified by the tow truck driver as the person who had driven the car and was nearby the scene of accident when the trooper arrived and displayed numerous indicia of intoxication. *See Segida*, 985 A.2d at 880 ("[An] accident itself constitutes evidence that [a defendant] drove when he was incapable of doing so safely."). As such, the evidence is sufficient to support his DUI conviction under section 3802(a)(1).

## Sentencing

Finally, Luberto claims that the trial court erred in sentencing him as a second time offender because there is no evidence that he had a previous record. Luberto's Brief at 18-19. He argues that he cannot be convicted and sentenced for a second offense DUI absent proof that it was, in fact, his second offense. *Id.* at 18.[6]

We note Luberto couches his argument as a discretionary sentencing claim; however, it is more properly construed as a challenge to the legality of his sentence, and we will treat it as such. *See Commonwealth v.*

---

[6] The sentencing hearing transcript is not included in the certified record. This Court attempted to locate the transcript to no avail. It is the appellant's responsibility to "ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super. 2006) (en banc). Nonetheless, this does not impede our review of the sentencing claim raised, and we therefore proceed to address it.

***Seladones***, 305 A.3d 83, 85 (Pa. Super. 2023) ("A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence.") (citation omitted); ***Commonwealth v. Love***, 957 A.2d 765, 767 (Pa. Super. 2008) ("a challenge to a sentencing court's application of a mandatory sentencing provision … implicates the legality, not the discretionary, aspects of sentencing.") (citation omitted); ***see also Commonwealth v. Randal,*** 837 A.2d 1211, 1214 (Pa. Super. 2003) (en banc) ("challenges to an illegal sentence can never be waived and may be reviewed sua sponte by this Court.")

The record reflects that the trial court imposed a mandatory minimum sentence reserved for second DUI convictions. Sentencing Order, 4/8/2024 at 1; ***see also*** Guideline Sentence Form, 4/8/2024. The trial court based its decision upon its review of the presentence investigation report, which indicated that Luberto "had received ARD for a DUI charge resulting from an incident which occurred on August 31, 2013, which was within ten years of the current offense." Trial Court Opinion, 6/28/2024, at 8.

During the pendency of this appeal, however, our Supreme Court held that "a defendant's previous acceptance of ARD cannot be viewed as the equivalent of a prior conviction." ***Commonwealth v. Shifflett***, 335 A.3d 1158, 1175 (Pa. 2025). The Court reasoned that a defendant's acceptance of ARD lacks the constitutional protections of a guilty plea or a criminal proceeding. ***Id.*** at 1172-75. As such, the Court held that a prior DUI for

which the defendant accepted ARD cannot be viewed as a first DUI offense during sentencing. *Id.* at 1178. Based upon **Shifflett**, the trial court thus erred in sentencing Luberto as a second DUI offender based upon his acceptance of ARD for a DUI charge in 2013.

We therefore reverse Luberto's DUI conviction under section 3802(b) and affirm his conviction under section 3802(a)(1). We remand for resentencing pursuant to **Shifflett**, at which the trial court must treat the instant conviction under section 3802(a)(1) as his first offense. **See id.** at 1175.

Judgment of sentence affirmed in part and reversed in part. Case remanded for resentencing. Application to dismiss denied. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/22/2025