J-S28027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
           v.                     :
                                :
                                :
DARYI PAOLA COLON                :
                                :
          Appellant         :    No. 1703 MDA 2024

Appeal from the Judgment of Sentence Entered October 30, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001761-2023

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:        **FILED: SEPTEMBER 23, 2025**

Appellant, Daryi Paola Colon, appeals from the judgment of sentence entered on October 30, 2024.  We vacate Appellant's judgment of sentence and remand.

The trial court ably summarized the underlying facts of this case.

> On March 24, 2023, Appellant arrived at Lehigh Valley Hospital in Pottsville, Pennsylvania, with her four-week old child, M.R. [(hereinafter "the Victim")], who had sustained facial injuries that Appellant claimed occurred while she, [the Victim], and two other children were asleep in the same bed. Appellant [claimed] the injuries occurred either by one child kicking [the Victim] while sleeping or by hitting [the Victim] with a ball pump.
>
> . . . On March 24, 2023, pediatrician Viktoriya Wolfe, M.D. along with another physician examined [the Victim] at Lehigh Valley Hospital.  . . . Dr. Wolfe testified to the accuracy of numerous photographs depicting the injuries [the Victim] displayed during her examination.  She described how the photos reflected multiple areas of swelling, redness, and bruising from [the Victim's] right ear down to her lips with a

cut below her right eye and on her upper nose. [The Victim] also presented with lacerations under her right eye as well as bruising and petechiae on the frontal lobe and right nostril. Dr. Wolfe observed extensive bruising extending up to the forehead and an area of redness above the baby's left nipple.

Given the child's age and based on the objective evidence of extensive injuries sustained as well as Appellant's lack of plausible history to account for the injuries, Dr. Wolfe rendered an opinion within a reasonable degree of medical certainty that the injuries were not from an accidental trauma but rather intentionally inflicted by an adult. Dr. Wolfe testified: "to cause this extent of bruising and injury to an infant requires adult force," "in cases that we have seen bruising in any infant under the age of [five] months old or really any infant, it requires [adult] force and strength to cause an infant to bruise." She explained that a two year old or three year old child does not have enough strength to cause such injury in a four week old baby. "[E]ven more so, this is not just one bruise or one area of location. This is extensive and multiple, including a deep laceration." Dr. Wolfe specifically rejected Appellant's theory that [the Victim's two-year-old] sibling caused the injuries while Appellant was "passing out" on the bed with both children.

Pediatric physical therapist Jodee Lynn Fortner testified on behalf of the Commonwealth. On May 5, 2023, she had an appointment with [the Victim's] twin sister, G.R., at Sayegh Pediatric Therapy Services for treatment of G.R.'s club foot. Appellant had brought both [the Victim] and G.R. to the appointment. Dr. Fortner testified that during the therapy session Appellant told her she "became annoyed one time and hit the older sister in the face." Pursuant to her duties as a mandated reporter, Ms. Fortner reported Appellant's comment to the Schuylkill County Children and Youth Services.

Trial Court Opinion, 1/8/25, at 1-3 (citations and footnotes omitted).

The Commonwealth charged Appellant with committing the crime of endangering the welfare of a child, graded as third-degree felony. This crime is defined as follows:

(a) Offense defined.--

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

. . .

(b) Grading.--

(1) Except as provided under paragraph (2), the following apply:

(i) An offense under this section constitutes a misdemeanor of the first degree.

. . .

(2) The grading of an offense under this section shall be increased one grade if, at the time of the commission of the offense, the child was under six years of age.

18 Pa.C.S.A. § 4304; *see also* N.T. Trial, 9/11/24, at 9-13 (explaining that the charge was graded as a third-degree felony because of the Victim was "under six years of age").

The case proceeded to a jury trial, where the above evidence was presented. During the charge to the jury, the trial court explained the elements of the charged crime as follows:

In this case, [Appellant] is charged with the crime of endangering the welfare of a child. To find [Appellant] guilty of this offense, you must find that each of the following elements have been proven beyond a reasonable doubt.

First, that [Appellant] endangered the welfare of the child by violating a duty of care protection or support; second, that

- 3 -

[Appellant] endangered the welfare of the child knowingly. . . . [T]hird, that [Appellant] was at the time a parent; fourth, that the child was under the age of 18 years at the time of the endangering.

And then . . . , if, after considering all of the evidence, you find that the Commonwealth has established beyond a reasonable doubt all of the elements that I have just stated, you must find [Appellant] guilty of endangering the welfare of a child.

N.T. Trial, 9/11/24, at 119; *see also* N.T. Trial, 9/11/24, at 129-130.

The jury found Appellant guilty of endangering the welfare of a child, graded as third-degree felony, and, on October 30, 2024, the trial court sentenced Appellant to serve a term of three to 23 months in jail, followed by 12 months of probation, for her conviction. *See* N.T. Sentencing, 10/30/24, at 17.

Appellant filed a timely notice of appeal. She numbers six claims on appeal:

1. Did the [trial] court err in sentencing [Appellant] under [18 Pa.C.S.A. § 4304(b)] grad[ed] as a felony of the third degree? The court charged only that the child was under the age of 18 years at the time of the endangering.

2. Did the Commonwealth fail to present evidence beyond a reasonable doubt that the bruising was not accidental?

3. Did the Commonwealth fail to offer evidence that this premature baby, who was in the neonatal intensive care unit, did not have a medical condition that caused the bruising?

4. Did the Commonwealth present sufficient evidence to rule out underlying medical conditions in the newborn that would cause bruising?

5. Did the Commonwealth fail to present the discharge summary of the child from the hospital to indicate the child's

physical condition especially concerning the condition of the skin?

6. Did the Commonwealth fail to present sufficient evidence to prove the charge of endangering the welfare of children beyond a reasonable doubt?

Appellant's Brief at 5.[1]

At the outset, we conclude that Appellant has waived every claim on appeal, but for her first numbered claim. To be sure, within the argument section of Appellant's brief, Appellant provides no supporting argument concerning any claim but her first numbered claim. **See** Appellant's Brief at 13-17;[2] **see also Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super. 2016) ("issues raised in a brief's statement of questions involved but not developed in the brief's argument section will be deemed waived") (some capitalization omitted).

Regarding Appellant's sole preserved claim, Appellant contends that the trial court imposed an illegal sentence for her endangering the welfare of a child conviction. Specifically, Appellant argues, the trial court improperly graded her conviction as a third-degree felony, when the trial court failed to instruct the jury – and the jury thus failed to find beyond a reasonable doubt – the "aggravating fact" that the Victim be "under six years of age . . . at the

---

[1] For ease of discussion, we have renumbered Appellant's claims.

[2] In fact, in addressing the sufficiency of the evidence issues in the argument section of her brief, Appellant acknowledges that "[t]he Commonwealth presented the testimony of the medical providers that supported the verdict of endangering the welfare of children beyond a reasonable doubt. Therefore, there are no grounds to appeal this issue." **See** Appellant's Brief at 16.

time of the commission of the offense." **See** Appellant's Brief at 14; **see also** 18 Pa.C.S.A. § 4304(b)(2). The Commonwealth concedes that Appellant is entitled to relief on this claim. **See** Commonwealth's Brief at 3-4. We agree. We thus vacate Appellant's judgment of sentence and remand.

Appellant's claim "implicat[es] the rule in **Apprendi v. New Jersey**, 530 U.S. 466 (2000)" and, thus, constitutes a "non-waivable challenge to the legality of the sentence" imposed. **Commonwealth v. Lawrence**, 99 A.3d 116, 122 (Pa. Super. 2014). "In reviewing an illegal sentence claim, the issue is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Lomax**, 8 A.3d 1264, 1267 (Pa. Super. 2010) (quotation marks, citations, and corrections omitted). "Moreover, challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Commonwealth v. Whalley**, 326 A.3d 948, 950 (Pa. Super. 2024) (quotation marks and citations omitted).

In **Apprendi**, the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 489. The Supreme Court further explained: "the 'statutory maximum' for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." **Blakely v. Washington**, 542 U.S. 296, 303 (2004) (emphasis omitted).

As noted above, the crime of endangering the welfare of a child is, by default, graded as a misdemeanor of the first degree. **See** 18 Pa.C.S.A. § 4304(b)(1)(i). However, Section 4304(b)(2) declares that the grading of the crime "shall be increased one grade" "if, at the time of the commission of the offense, the child was under six years of age." 18 Pa.C.S.A. § 4304(b)(2).

In the case at bar, the Commonwealth charged Appellant with endangering the welfare of a child, graded as a third-degree felony, based upon the "aggravating fact" that the Victim was "under six years of age . . . at the time of the commission of the offense." 18 Pa.C.S.A. § 4304; **see also** N.T. Trial, 9/11/24, at 9-13. It is, however, undisputed that the trial court did not instruct the jury that, to convict Appellant on the charge, the jury must find that the child was "under six years of age . . . at the time of the commission of the offense." **See** N.T. Trial, 9/11/24, at 119; **see also** N.T. Trial, 9/11/24, at 129-130. Further, the verdict slip simply declared:

VERDICT

And now, to wit, on this 11th day of September, 2024, we, the jurors empaneled in the above entitled case, find [Appellant], as to the charge of:

Ct. #1: Endangering Welfare of Child: _X_ Guilty ____ Not Guilty

Verdict Slip, 9/11/24, at 1.

As is evident from the above, the aggravating fact of the Victim's age was not submitted to the jury and proved beyond a reasonable doubt. **See** **Apprendi**, 530 U.S. at 489. Moreover, Appellant did not stipulate to this

aggravating fact at trial. Thus, the case at bar is akin to our opinion in *Commonwealth v. Kearns*, 907 A.2d 649 (Pa. Super. 2006), where we held that *Apprendi* was violated, even though the Commonwealth presented "overwhelming" and "uncontradicted" evidence regarding the aggravating fact of the victim's age. The *Kearns* panel explained:

> No matter the volume of evidence presented, nor the quality of the evidence, or even a lack of contrary evidence, the production of evidence cannot stand as a proxy for a specific finding by the factfinder. If the preceding were not true, then irrespective of the jury's verdict an acquittal could be set aside if a reviewing court concluded that the premise of guilt had been conclusively established. Indeed, there would be no point in proceeding to jury deliberation in some cases. If the court concluded at the close of evidence that the defendant's guilt had been "conclusively proven," the court would be entitled to enter a guilty verdict directly. Of course, this is not the law, nor could it be if we are to preserve the constitutional right to trial by jury. Moreover, it is axiomatic that the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence. This principle of law relegates the factfinding process to the jury, even where the ultimate finding seemingly flies in the face of the uncontradicted evidence.

*Kearns*, 907 A.2d at 658 (citations, footnote, and some quotation marks omitted); *see also Commonwealth v. Seladones*, 305 A.3d 83 (Pa. Super. 2023) (where the jury did not find the aggravating fact regarding the value of the stolen items, the defendant's felony theft conviction was illegal, notwithstanding the defendant's purported pre-trial confession).

Therefore, we must agree with both Appellant and the Commonwealth and conclude that Appellant was illegally sentenced for the crime of endangering the welfare of a child, graded as third-degree felony.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/23/2025